**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 24 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**
_____

DARRIN M. BREWER,

     Petitioner-Appellant,

v.

DAYTON J. POPPELL, Warden,

    Respondent-Appellee.

No. 99-6350
(W.D. Okla.)
(D.Ct. No. 99-CV-851-C)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **BRORBY**, **KELLY**, and **MURPHY**, Circuit Judges.

_____

     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1.9(G). The case is therefore ordered submitted without oral argument.

---

     [*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Appellant Darrin M. Brewer, a state prisoner appearing *pro se*, appeals the district court's decision dismissing, as untimely, his *habeas corpus* petition filed pursuant to 28 U.S.C. 2254. We deny Mr. Brewer's request for a certificate of appealability and to proceed *in forma pauperis*, and dismiss his appeal.

On November 19, 1993, Mr. Brewer's conviction became final, following his guilty plea to trafficking in illegal drugs after former conviction of a felony. He unsuccessfully applied for state post-conviction relief December 17, 1997, which the state district court denied July 29, 1998. No state appeal followed.

Mr. Brewer filed his federal habeas petition June 16, 1999, claiming ineffective assistance of counsel. The federal district court referred the matter to a magistrate judge who issued a thorough and well-written Report and Recommendation, suggesting dismissal of the petition as time-barred. Specifically, because Mr. Brewer's conviction became final prior to April 24, 1996, the magistrate judge determined the one-year statute of limitations for bringing his petition, under 28 U.S.C. 2244(d)(1)(A) of the Antiterrorism and Effective Death Penalty Act, began April 24, 1996. Because Mr. Brewer did not file for state post-conviction relief during the limitation period, the magistrate judge further concluded no tolling of the one-year limitation period occurred

under 28 U.S.C. §2244(d)(2). Finally, because Mr. Brewer did not file his federal habeas petition until June 16, 1999, well over two years after the limitation period expired on April 23, 1997, the magistrate judge found his petition untimely.

The magistrate judge also considered and rejected Mr. Brewer's assertion the court must nevertheless consider his petition, even if untimely, in order to prevent a fundamental miscarriage of justice based on his actual innocence.[1] In support of his claim of innocence, Mr. Brewer pointed to his indictment which states the crime for which he was convicted allegedly occurred on or about January 15, 1993. Mr. Brewer contended he did not commit this crime because on that date he was actually in jail. However, the magistrate judge found the crime at issue actually occurred January 12, 1993, despite the date provided on the indictment. Moreover, the magistrate judge determined the miscarriage of justice

---

[1] Mr. Brewer also argued he timely filed his petition under other provisions of § 2244. Specifically, Mr. Brewer asserted 28 U.S.C. § 2244(d)(1)(B), which delays the limitation period during a state action impeding the filing of a petition, must apply because Oklahoma law on attacking a guilty plea interfered with his ability to discover his counsel's ineffective assistance. He also contended § 2244(d)(1)(D), which tolls the limitation period from the date a claim could have been discovered, applies because he only recently discovered the ineffectiveness of his counsel and the factual basis for his claim. The magistrate judge rejected these contentions, determining § 2244(d)(1)(B) did not apply because no illegal state impediment occurred, and § 2244(d)(1)(D) did not apply because Mr. Brewer made no showing he exercised due diligence in pursuing his claim. Mr. Brewer did not appeal these determinations, and thus, we decline to address them.

exception to the limitation period did not apply, even if Mr. Brewer claimed innocence, because Mr. Brewer: (1) did not diligently pursue his federal habeas claims; and (2) failed to support his claim of innocence with new and reliable evidence not presented at trial.[2] After reviewing and addressing Mr. Brewer's objections to the Report and Recommendation, the district court adopted the magistrate judge's recommendation in its entirety and dismissed the petition.

On appeal, Mr. Brewer addresses the timeliness of his petition by again suggesting he is innocent because he was jailed on the date he allegedly committed the crime for which he received his conviction. The other issues raised by Mr. Brewer concern only the merits of his ineffective assistance of counsel claim and the futility of exhausting his state remedies.

We review the district court's factual findings under a clearly erroneous standard and its legal conclusions *de novo*. *Rogers v. Gibson*, 173 F.3d 1278, 1282 (10th Cir. 1999), *cert. denied,* 120 S.Ct. 944 (2000). A careful review of the record shows the district court correctly determined Mr. Brewer's petition

---

[2] The magistrate judge also found Mr. Brewer did not exhaust his state remedies, but given the untimeliness of the petition, declined to address Mr. Brewer's argument that a pursuit of state remedies would have proven futile.

became due April 23, 1997. Because Mr. Brewer did not file his petition until June 16, 1999, his petition is untimely. As to Mr. Brewer's contention he is innocent, we note the magistrate judge thoroughly addressed this issue and for that reason, we decline to duplicate the same analysis here other than to note the record clearly shows Mr. Brewer committed the crime January 12, not January 15 when he was incarcerated.

Under the circumstances presented, Mr. Brewer fails to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2). Thus, for substantially the same reasons set forth in the magistrate judge's August 12, 1999 Report and Recommendation, and the district court's August 24, 1999 Order of Dismissal, we deny Mr. Brewer's application for a certificate of appealability, deny his request to proceed *in forma pauperis* and **DISMISS** his appeal.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge